

United States Courts
Southern District of Texas
FILED

SEP 2 3 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION Plaintiff | § § § § | **H-04-3704** |
|---|---|---|
| v. | § § § | CIVIL ACTION NO. _____ |
| ISSARA SEAFOOD, INC. d/b/a BAYTOWN SEAFOOD RESTAURANT Defendant. | § § § § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

1.     This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, and Title I of the Civil Rights Act of 1991, *as amended,* to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Heba Assouad who was adversely affected by such practices.  The Defendant, Issara Seafood, Inc. d/b/a Baytown Seafood Restaurant unlawfully denied Ms. Assouad  equal employment opportunities by subjecting her to sexual harassment in violation of Title VII.   Additionally, Defendant unlawfully terminated Ms. Assouad  in retaliation for opposing the sexual harassment.

### JURISDICTION AND VENUE

2.     Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, *as amended,* 42 U.S.C. §1981A.

3.    Venue is proper in this court because the unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4.    Plaintiff, the Equal Employment Opportunity Commission ("Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3), 42 U.S.C. §2000e-5 (f)(1) and (3).

5.    Defendant Issara Seafood, Inc. d/b/a Baytown Seafood Restaurant ("Baytown Seafood") has continuously been and is now doing business in the State of Texas and the City of Houston and has continuously had more than 15 employees.  Baytown Seafood may be served with process by serving its registered agent in Texas,  Buth L. Austin, 1010 W. Cavalcade Street, Suite B, Houston, Texas 77009.

6.    At all relevant times, Baytown Seafood has continuously been an employer engaged in an industry affecting commerce with the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7.    More than thirty days prior to the institution of this lawsuit, Heba Assouad filed a charge of discrimination with the Commission alleging violation of Title VII by Baytown Seafood, her former employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least 2004, Baytown Seafood has engaged in unlawful employment practices at its restaurant located at 9205 S. Main in Houston, Texas, in Houston, Texas, in violation of Sections 703(a)(1) and 704(a) of Title VII.

9. Beginning in January 2004, Baytown Seafood, by and through its agent, Sonny Preap, a manager at the restaurant, subjected Ms. Assouad and other female employees to unwelcome sexual propositions and comments, sexual gestures, and offensive touching because of their sex, female. Specifically, among other things, Mr. Preap told Ms. Assouad that he intended to have sex with her and that her breasts aroused him. He also touched Ms. Assouad's breasts and kissed her on the lips and neck. Mr. Preap also touched other female employees in a similar manner. Ms. Assouad objected to Mr. Preap's statements and his touching her and tried, to no avail, to prevent him from touching her. The complained of conduct was so sexually hostile and occurred with such frequency and severity that it affected the terms, conditions, benefits and privileges of employment and created a hostile work environment.

10. Baytown Seafood had no procedures in place that permit employees to complain if they are subjected to sexual harassment. Moreover, it had no policy prohibiting sexual harassment in the workplace.

11. Ms. Assouad continued to resist Mr. Preap's sexually harassing conduct.. The result of her resistance to Mr. Preap's advances and complaints about his misconduct, was that she was terminated in February 2004.

12. Mr. Preap, as a manager at the restaurant, had the authority to hire and fire employees for the restaurant including the authority to hire and fire Ms. Assouad.

13.     Ms. Assouad was subjected to a series of separate, harassing acts that collectively constituted an unlawful employment practice.

14.     The unlawful employment practices complained of above were intentional and based on the gender of Ms. Assouad.

15.     The effect of the practices complained of above has been to deprive Ms. Assouad of equal employment opportunities and otherwise adversely affect her status as an employee, because of her gender, by requiring her to be subjected to sexual harassment in the workplace.

16.     The unlawful employment practices described above were committed with malice or with reckless indifference for the federally protected civil rights of Ms. Assouad

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

17.     Grant a permanent injunction enjoining Baytown Seafood, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex;

18.     Order Baytown Seafood to institute and carry out policies, practices and procedures which provide equal employment opportunities for women and which eradicates the sexually hostile work environment;

19.     Order Baytown Seafood to make Ms. Assouad whole by providing appropriate back pay, with prejudgment interest in amounts to be determined at trial, and

other affirmative relief necessary to eradicate the effects of the unlawful employment practices she was subjected to;

20.     Order reinstatement into a comparable position for Ms. Assouad or award front pay in the amounts to be proven at trial if reinstatement is impractical;

21.     Order Baytown Seafood to pay compensatory damages to Ms. Assouad for the past and future pecuniary losses resulting from the unlawful employment practices described above;

22.     Order Baytown Seafood to pay compensatory damages to Ms. Assouad for the past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses she suffered as a result of the unlawful employment practices described above, in amounts to be proven at trial;

23.     Award punitive damages to Ms. Assouad in amounts to be proven at trial;

24.     Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

25.     Order all affirmative relief necessary to eradicate the effects of its unlawful employment practices;

26.     Award the Commission its costs in this action; and

27.     Grant such other and further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

28.     The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT
      OPPORTUNITY COMMISSION

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

1801 L. Street, N.W.
Washington, D.C.  20507

By: _____
      Kathy D. Boutchee
      Attorney-In-Charge
      TBN: 02717500
      SDN: 10145
      Houston District Office
      1919 Smith Street, 7th Floor
      Houston, Texas 77002
      (713) 209-3399
      Fax: (713) 209-3402

ATTORNEYS FOR PLAINTIFF

OF COUNSEL

_____
Jim Sacher
Regional Attorney
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002
(713) 209-3398
Fax: (713) 209-3402

-6-

JS 44
(Rev 07/89)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**DEFENDANTS**
ISSARA SEAFOOD, INC. d/b/a BAYTOWN SEAFOOD RESTAURANT

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kathy Boutchee, Trial Attorney
EEOC-Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3399

ATTORNEYS (IF KNOWN)

**H-04-3704**

United States Courts
Southern District of Texas
FILED

SEP 2 3 2004

Michael N. Milby, Clerk of Court

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

[x] 1 U.S. Government Plaintiff
[] 2 U.S. Government Defendant

[] 3 Federal Question (U.S. Government Not a Party)
[] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION** (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Issara Seafood, Inc. d/b/a Baytown Seafood Restaurant engaged in unlawful employment practices by subjecting Ms. Assouad to sexual harassment in violation of Title VII. Ms Assouad was also terminated in retaliation for opposing the sexual harassment.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [] 610 Agriculture | [] 422 Appeal 28 USC 158 | [] 400 State Reapportionment |
| [] 120 Marine | [] 310 Airplane | [] 362 Personal Injury--Med Malpractice | [] 620 Other Food & Drug | [] 423 Withdrawal 28 USC 157 | [] 410 Antitrust |
| [] 130 Miller Act | [] 315 Airplane Product Liability | [] 365 Personal Injury--Product Liability | [] 625 Drug Related Seizure of Property 21 USC 881 | | [] 430 Banks and Banking |
| [] 140 Negotiable Instrument | [] 320 Assault, Libel & Slander | | [] 630 Liquor Laws | **PROPERTY RIGHTS** | [] 450 Commerce/ICC Rates/etc |
| [] 150 Recovery of Overpayment & Enforcement of Judgment | [] 330 Federal Employers' Liability | [] 368 Asbestos Personal Injury Product Liability | [] 640 R R & Truck | [] 820 Copyrights | [] 460 Deportation |
| [] 151 Medicare Act | [] 340 Marine | **PERSONAL PROPERTY** | [] 650 Airline Regs | [] 830 Patent | [] 470 Racketeer Influenced and Corrupt Organizations |
| [] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [] 345 Marine Product Liability | [] 370 Other Fraud | [] 660 Occupational Safety/Health | [] 840 Trademark | [] 810 Selective Service |
| [] 153 Recovery of Overpayment of Veteran's Benefits | [] 350 Motor Vehicle | [] 371 Truth in Lending | [] 690 | | [] 850 Securities/Commodities/Exchange |
| [] 160 Stockholders' Suits | [] 355 Motor Vehicle Product Liability | [] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [] 875 Customer Challenge 12 USC 3410 |
| [] 190 Other Contract | [] 360 Other Personal Injury | [] 385 Property Damage Product Liability | [] 710 Fair Labor Standards Act | [] 861 HIA (1395ff) | [] 891 Agricultural Acts |
| [] 195 Co | | | [] 720 Labor/Mgmt. Relations | [] 862 Black Lung (923) | [] 892 Economic Stabilization Act |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [] 730 Labor/Mgmt Reporting & Disclosure Act | [] 863 DIWC/DIWW (405(g)) | [] 893 Environmental Matters |
| **REAL PROPERTY** | [] 441 Voting | [] 510 Motions to Vacate Sentence Habeas Corpus | [] 740 Railway Labor Act | [] 864 SSID Title XVI | [] 894 Energy Allocation Act |
| | [x] 442 Employment | | [] 790 Other Labor Litigation | [] 865 RSI (405(g)) | [] 895 Freedom of Information Act |
| [] 210 Land Condemnation | [] 443 Housing/Accommodations | [] 530 General | [] 791 Empl Ret Inc Security Act | | [] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [] 220 Foreclosure | [] 444 Welfare | [] 535 Death Penalty | | **FEDERAL TAX SUITS** | [] 950 Constitutionality of State Statutes |
| [] 230 Rent Lease & Ejectment | [] 440 Other Civil Rights | [] 540 Mandamus & Other | | [] 870 Taxes (U.S Plaintiff or Defendant) | [] 890 Other Statutory Actions |
| [] 240 Torts to Land | | [] 550 Other | | [] 871 IRS--Third Party 26 USC 7609 | |
| [] 245 Tort Product Liability | | | | | |
| [] 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

[x] 1 Original Proceeding
[] 2 Removed from State Court
[] 3 Remanded from Appellate Court
[] 4 Reinstated or Reopened
Transferred from
[] 5 another district (specify)
[] 6 Multidistrict Litigation
Appeal to District
[] 7 Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
[] UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
JURY DEMAND: [X] YES  [] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE 9/23/04

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT